UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

AVERY MILLINGTON,

                      Defendant.

**MEMORANDUM AND ORDER**

20-CR-288 (LDH)

---

L<small>A</small>SHANN D<small>E</small>ARCY HALL, United States District Judge:

On August 6, 2020, Defendant Avery Millington was charged with one count of possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), one count of possession of a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A), and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (Indictment, ECF No. 4.)

By letter dated August 23, 2021, counsel for Defendant advised the Court that he was actively engaged in an effort to vacate Defendant's prior New York state burglary convictions that function as predicate offenses under the Armed Career Criminal Act ("ACCA"). (*See* Def.'s Status Ltr. dated Aug. 23, 2021, ECF No. 23.) The Court held a status conference on December 17, 2021, at which time the parties apprised the Court that they have been actively engaged in plea negotiations but those negotiations have been hampered by the potential applicability of the ACCA. At the Court's direction, counsel provided additional information regarding Defendant's prior convictions as they relate to the application of the ACCA. (*See* Def.'s Ltr. dated Dec. 23, 2021 ("Def.'s Ltr."), ECF No. 24.)[1]

---

[1] Defendant's letter dated December 23, 2021 attaches the transcripts of Defendant's state court plea and sentencing hearing as Exhibits A and B, respectively.

## DISCUSSION

Under the ACCA, a person convicted of violating 18 U.S.C. § 922(g) who has three prior convictions for "violent felon[ies] or serious drug offense[s]" from events occurring on three separate occasions is subject to a fifteen-year mandatory minimum term of imprisonment. 18 U.S.C. § 924(e)(1). The mandatory sentencing enhancement under the ACCA is significant. By contrast, a person ordinarily convicted of violating § 922(g) may be sentenced to a *maximum* term of ten years. *Id*. at § 924(a)(2).

On May 8, 2014, Defendant pleaded guilty to, *inter alia*, six counts of second-degree burglary, a class B felony, in violation of New York Penal Law § 140.25(2). (Def.'s Ltr, Ex. A at 4:8–17, ECF No. 24-1.) Specifically, Defendant pleaded to knowingly entering and remaining unlawfully in a dwelling with the intent to commit a crime therein on six separate occasions in 2011. (*Id*. at 5:15–8:9.) On May 21, 2014, Defendant was sentenced to six years' imprisonment. (*See* Def.'s Ltr., Ex. B at 2:25–3:14, ECF No. 24-2.) Because predicate offenses under the ACCA include "previous convictions . . . for a violent felony . . . committed on occasions different from one another[,]" each of Defendant's 2014 burglary convictions would ordinarily qualify as violent felonies for purposes of the ACCA enhancement. 18 U.S.C. § 924(e); *see id.* § 924(e)(2)(B)(ii) (identifying "burglary" as violent felony). However, a "[youthful offender] adjudication is not a predicate conviction under the ACCA." *United States v. Sellers*, 784 F.3d 876, 887 (2d Cir. 2015). Defendant contends that he should not be subject to the ACCA's mandatory sentencing enhancement because he was not advised of his youthful offender eligibility at the time of his 2014 sentencing and, had he been, his convictions could have been vacated and replaced by youthful offender findings. (Def.'s Ltr. at 1.)

2

Under New York Criminal Procedure Law § 720.10, an individual charged with a crime "alleged to have been committed when he was at least sixteen years old and less than nineteen years old . . . is eligible to be found a youthful offender" unless the crime is one of several enumerated serious felonies or the individual has previously been convicted of a felony.[2] N.Y. Crim. Proc. Law § 720.10(1)–(2). "[A]t the time of pronouncing sentence the court must determine whether or not the eligible youth is a youthful offender." *Id*. § 720.20(1). "[C]ompliance with this statutory command cannot be dispensed with, even where defendant has failed to ask to be treated as a youthful offender, or has purported to waive his . . . right to make such a request." *People v. Rudolph*, 997 N.E.2d 457, 457 (N.Y. 2013). As the New York Court of Appeals noted, "the legislature's use of the word 'must' . . . reflect[s] a policy choice that there be a youthful offender determination in every case where the defendant is eligible[.]" *Id*. at 458.

Defendant was 18-years old at the time he committed each of the burglary crimes for which he was convicted and sentenced in 2014. (Def.'s Ltr. at 2.) Defendant had not been previously convicted and sentenced for a felony and the crimes were not among those excluded from youthful offender eligibility under § 720.10(2)(a). Accordingly, Defendant was eligible for youthful offender adjudication under New York law. Yet at no time during the 2014 plea or sentencing proceedings did the court inform Defendant of his eligibility for youthful offender status or otherwise make a youthful offender determination, contrary to New York Criminal

---

[2] The felonies excluded from youthful offender eligibility are "(i) a class A-I or class A-II felony, or (ii) an armed felony as defined in subdivision forty-one of section 1.20, except as provided in subdivision three, or (iii) rape in the first degree, criminal sexual act in the first degree, or aggravated sexual abuse, except as provided in subdivision three[.]". N.Y. Crim. Proc. Law § 720.10 (2)(a).

Procedure Law § 720.20 and the holding in *People v. Rudolph*. (*See generally*, Def.'s Ltr., Exs. A, B.)

In 2019, this Court issued its decision in *United States v. Cabello*, which involved a defendant who had been convicted in 1994 for criminal possession of a controlled substance in the third degree. *See* 401 F. Supp. 3d 362 (E.D.N.Y. 2019). At the time, Defendant's conviction was subject to a maximum sentence of 25-years imprisonment under what have now become known as the Rockefeller drug laws.[3] *Id*. at 363. Thus, the defendant's prior conviction would ordinarily serve as a predicate serious drug offense under the ACCA. *Id*. However, after the defendant's 1994 conviction, the New York State legislature enacted the Drug Law Reform Act of 2004 to "curb the harsh penalties imposed" by the Rockefeller drug laws. *Rivera v. United States*, 716 F.3d 685, 687 (2d Cir. 2013). New York later passed the Drug Law Reform Act of 2009, which "further reduced penalties for drug-related offenses by allowing resentencing for felons convicted of class B felony drug offenses." *Id*. at 688. In light of these reforms, this Court refused to apply the ACCA's sentencing enhancement where at least one of the predicate offenses was based on the sentencing scheme under the Rockefeller drug laws and where that crime or crimes would not be deemed a serious drug offense under the current sentencing scheme. *See Cabello*, 401 F. Supp. 3d at 366. This Court reasoned that: "It would pervert justice to ignore the state legislature's express renunciation of a draconian sentencing regime by continuing to impose the ACCA enhancement based on the maximum sentences available under that regime. The Court shall not compound one injustice with another." *Id*.

---

[3] The Rockefeller drug laws were comprised of "a sentencing scheme signed into law by Governor Nelson Rockefeller in the 1970's." *See Rivera v. United States*, 716 F.3d 685, 687–88 (2d Cir. 2013).

4

The same logic applies here. In this case, the sentencing court did not advise Defendant of his youthful offender eligibility or otherwise make a youthful offender determination. In other words, Defendant was denied "the opportunity for a fresh start" demanded by New York law and its courts. *Rudolph*, 997 N.E.2d at 458. It strains sensibility to fathom a set of circumstances where an individual, if advised of their right, would not have opted to pursue youthful offender status. Therefore, the Court refuses to compound the failure by the sentencing court to make a youthful offender determination, despite Defendant's plain eligibility, by sentencing him pursuant to the ACCA.

## CONCLUSION

For the reasons set forth above, Defendant Millington does not qualify for a sentencing enhancement under the ACCA.

SO ORDERED.

Dated: Brooklyn, New York  
      January 5, 2022

/s/ LDH  
LaSHANN DeARCY HALL  
United States District Judge